I hope I'm pronouncing it correctly, versus Ashcroft. Yes, Your Honor. Thank Hornburg for the petitioner, Mr. Tawadruz. The issue here I believe to be one of due process. The fundamental fairness to Mr. Tawadruz coming to this hearing. Mr. Tawadruz appeared at the hearing at 11 o'clock. It was a master hearing. It was scheduled for just a pleading to the allegations and the charges. He showed up at the hearing. As he read the transcript, the hearing took place. Mr. Tawadruz was given an opportunity to have a hearing on September 30th, which is approximately two weeks from the date of the master calendar hearing for a merits hearing. His attorney said he could not appear on that date for a religious purpose. He said that he needed something later. The judge scheduled it then, I believe it was for March 19th of 1999. Mr. Tawadruz objected, stating that he wanted an earlier hearing. The judge said, well, I've got 1,200 people ahead of you. I'm not going to put you ahead of anybody. He continued to request further that he wanted a quicker hearing. This ---- Lending truth to the old wisdom, be careful what you wish for. Right. And he wished for that, and he got what he wished. But the problem with it was that what he got was a hearing for 1 o'clock that afternoon and the judge allowing his attorney to withdraw as attorney of record, therefore tremendously prejudicing his case and his right to a fair trial. One of the problems in this case, of course, it's not all on the record. It's just what the I.J. said. But let's say what the I.J. said is true, that it's because nobody objected to what he said and said, well, that's not exactly what happened. So he's going to set this case, and the lawyer says, well, I can't be here on that date. And he says, well, my court calendar means you've got to be some other date further down. And the client says, listen, my case is so important and I'm such an important person and my concerns are so important that I want my case heard immediately. Now, let's take immediately to me what immediately means. If I told you to do something immediately, I think I'd want you to jump now. So that's what he says. And the I.J. says, well, no, I've got a lot of people ahead of you. And he says, no, I want my case heard first. Well, that's what he insisted upon. How can he now complain that he got his case heard first, immediately and first? That's what he demanded. Well, I don't think he anticipated that his attorney would withdraw as attorney of record and that he would be forced to go forward by himself, present documentation, not knowing any of the rules of evidence. So the lawyer says at that point, apparently, according to this colloquy, if that's the case, I can't go forward. And there's nothing from him saying, well, then I don't need it done immediately or ahead of everybody else in line. He insists that he goes first. Yes, but he's an alien. This is a judge. He feels some inferiority type of complex based upon the fact, here's the judge talking to him, and he doesn't know really what to say to this judge. That doesn't sound inferior. That's the most aggressive alien I've ever seen in a case. I have never had a person come to my court or seen one in the immigration court when the person says to me, listen, judge, I don't care how many people are ahead of me. I go first because I'm important, and I insist that you hear my case immediately. I've never heard that. Have you? No. But, judge, would you allow somebody to do that in your courtroom? I mean, the issue is because he did it didn't mean the judge had to follow his request. The judge could have easily have said, hey, I've got it for two weeks from now. You've got two weeks to come back with an attorney, show up at that time, have your hearing. If you don't have an attorney present with you, you will have to go forward on your own at that point. And then he would be in front of you would be standing in front of us saying, you know what this judge did? He forced this guy to get a new attorney and come back in two weeks. And how could any attorney possibly be ready to put on a case in two weeks? It would be easy to put on a case in two weeks. We've done it in two weeks. I expect it would be, but that's not what I'm hearing all the time. Well, in this case it would have been easy. It was a pretty straightforward discussion about religious persecution and the issue of Coptic Christians in Egypt and what he was fearful of and why he came. And as you go through the transcript, you hear all it doesn't make any sense. All of it's, you know, about a bank deal. It's about him coming to England, him going to Kuwait, him going to the embassies. None of it makes any sense. It doesn't seem easy. To tell you the truth, it sounds highly complex because the question is whether this person really left because he was pestered by Muslims or whether he left because it was a lousy economic situation and he'd had a heart attack and he wanted to get out of there. I mean, I'm not saying that which of those is true. I'm just saying it seems to me relatively complex to figure out the truth of what went on. Maybe that's why he needed a lawyer and needed a continuance. Exactly. And the government's position was you weren't persecuted for all these years. You had a thriving business going, everything going for you. Then if you had all these wonderful things going, why would he leave? It makes no sense. You may want to save a little time for a rebuttal. Why don't we hear from the government at this point? You've got almost five minutes to respond. Thank you very much for your argument. Ms. Lightfoot. Lightbody, I'm sorry. Okay, if the last one was bad, this is beyond bad. Doesn't our law require an immigration judge to advise someone in this petitioner's circumstance to make clear that there's a knowing, intelligent waiver of counsel? Don't our cases require that? I believe, Your Honor, that the cases do require that. Did he do that? I don't believe there was anything in the record indicating that, Your Honor. Isn't that a lone reason to send it back? Under the circumstances in this case, it's the government's position that that is not alone enough. In this case, the petitioner insisted on being put in front of 1,200 other cases. He was given a reasonable date in which to appear. It was set for the 30th of September, and the IJ reset it for March 18th of the following year. And he said, no, I have to go forward now. My family, my children are in jeopardy. And the immigration judge allowed him to proceed. He got what he asked for. And now he's before this court complaining that this somehow prejudiced his case. H.L. Minkin used to say that democracy is the theory that the people deserve to get what they want good and hard. And isn't that what happened here? He says, okay, you want a hearing? I'm going to call you in at 1 o'clock this afternoon, and you must bring certified, translated records if they're not in English. Your witnesses must be all present. Your documents must all be in order. And you've got two hours to put that all together. That's basically what he said, isn't it? Well, yes, but, Your Honor, the immigration judge gave him a choice. He said, you can come back in a couple of weeks, or you can come back in March. And he said, no, I don't want to do that. I want to be heard now. Well, it would be a different case if he advised him of a statutory right and advised him and got an express waiver, I suppose. Had he been advised earlier on of his statutory rights? I don't believe that he had been, Your Honor, but he was represented by him. So he had never appeared? Because generally people make a first appearance, and at that point they're told they can have an attorney, and they're given flyers, and this is that first appearance. I believe it was, and he was represented by counsel at that time. So I'm not sure that the immigration judge would go through the formality of telling him that if he's represented. The other disturbing thing about it is it's absolutely clear from this record that the reason his lawyer withdrew is he was saying I can't present this case at 1 o'clock this afternoon because I would be committing malpractice. He isn't saying I've got to be in another courtroom or I've got a lunch date or I need to watch a sporting event on television. He's saying I wouldn't be prepared to go forward. I don't recall him saying specifically that it would be because he would be committing malpractice. I don't know if it was clear from. I can't do that. I'm not prepared to do that. That's basically what he said. Okay. And I. Is it a clear inference? Wouldn't any lawyer in that circumstance say that and mean that can't be done? What counsel said was counsel indicated he would be unavailable on such short notice to represent him. And there are several inferences I think with all due respect that could be made from that, Your Honor. He may have had something else on his schedule. I don't know. It's not clear from the record. And counsel didn't object to say it's because I can't go forward. This is too short of notice. But in any event, it was the client who insisted on going forward. And the immigration judge fulfilled his request. And now he claims that that prejudiced his case. Let me ask you this question. What rule of law would you have us write that the one needs to be advised of a statutory right of counsel except when blank? Except when it is clear from the record that the petitioner wishes to proceed and fails to object when he's given specifically what he requests. How about adding when the record also shows that he knows he can have an attorney because he did? Thank you, Your Honor. And he did. I mean, he obviously appeared with an attorney. The attorney didn't say, you know, before withdrawing, I would object to this because he would be appearing on his own behalf. The petitioner himself didn't object to this. He didn't say, oh, there's more that I want to put forward before this court. He was permitted to put forward his testimony and his evidence. And the immigration judge took the time to examine the witness. And there was some discussion that it was difficult to read the record or his responses didn't appear to be answering the questions. And at some point in the record they had indicated that the petitioner had some familiarity with the English language. And what was happening was he wasn't waiting until the interpreter had finished asking the questions in his native language before he started answering them. So some of his questions were not responsive to the questions being asked, either by the immigration judge or by counsel. And the immigration judge, you know, took time to say, you need to wait and listen to my questions and answer the question, and went back over the questions until the petitioner would actually, in fact, answer those questions. Our cases require that the IJ inquire specifically whether the person wishes to proceed without a lawyer. Was that done at the 1 o'clock hearing? I don't believe. The answer is no, isn't it? I believe the answer is no, yes. And they also require that there be an affirmative and voluntary response from the petitioner. Was that obtained? That was not obtained in the record. And don't our cases also make clear that the failure to do either or both is a denial of due process? I believe that that's what the cases say. I would again submit to the court, however, that in this particular instance, it was the petitioner who insisted on going forward. I want to be executed. Well, if you insist. I want to go forward. Well, he was given the chance to postpone his hearing so that he could be represented by counsel. He was given those opportunities, and he said, no, I need to be heard now. I need to be in front of these 1,200 other cases. And that's what he got. And for him to now claim that that was somehow prejudicial is incorrect and is of his own making. I think we understand your position. Thank you. These are difficult cases to argue. We appreciate you coming in and arguing, and you've done a very good job in the face of very difficult facts. Thank you. We hope you come back. Thank you, Your Honor. Do you want to respond? Yes, Your Honor. Mindful that you can always snatch victory from the jaws of defeat all the way around? Yes, Your Honor. Just for the ---- if you go through the record, you see before the hearing started yesterday, two attorneys appeared, but they decided not to go forward with the case. If you go through the record, you see where he says, do you want my ---- I apologize for my attorney leaving. Towards the end of the trial, he says, can I come back with my attorney and do this? Can I take him? He continues to go on and want an attorney, but the judge is really punitive here. I think the judge took a position that I'm going to be punitive on this man and make him go forward and argue his case and present evidence and do everything that he needs to do, whether he's ready or not ready. I think we understand your position. Thank both counsel for their arguments in this interesting case, and it will be submitted for decision. We'll proceed to the next case on the docket.          Hookmer. Hookmer. Hookmer. Hookmer. Hookmer. Hookmer. Hookmer.   Hooker. Hooker.
judges: Fernandez, Hawkins, Thomas